**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

DR. MICHAEL FERNANDEZ, D.D.S., LTD.,
A Division of Atlantic Dental Care, PLC

and

DR. MIGUEL FERNANDEZ, D.D.S.,

      Plaintiffs,

v.                                          Civil Action No.: _____

COMMISSIONER OF HIGHWAYS

      Serve:  Stephen C. Birch, P.E., Commissioner of Highways
                VIRGINIA DEPARTMENT OF TRANSPORTATION
                1401 East Broad Street
                Richmond, VA 23219

and

VIRGINIA DEPARTMENT OF TRANSPORTATION,

      Serve:  Stephen C. Birch, P.E., Commissioner of Highways
                VIRGINIA DEPARTMENT OF TRANSPORTATION
                1401 East Broad Street
                Richmond, VA 23219

      Defendants.

## **COMPLAINT**

To the Honorable Judges of Said Court:

      The Plaintiffs, Dr. Michael Fernandez, D.D.S., Ltd., a Division of Atlantic Dental Care,

PLC, ("the Practice") and Dr. Miguel Fernandez, D.D.S. ("Dr. Fernandez"), by counsel,

respectfully petition this Court for relief pursuant to 42 U.S.C. §§ 1983 and 1988, and in support

thereof, allege the following:

## **Nature of Action, Venue and Jurisdiction**

1.      This is a civil action under 42 U.S.C. §§ 1983, 1988, *et seq.* in which the Plaintiffs seek an order declaring that the Commissioner of Highways and the Virginia Department of Transportation (collectively referred to as "VDOT") have violated the Plaintiffs' constitutional rights under color of state law.

2.      In particular, the Plaintiffs allege that VDOT has deprived them of private property without due process and has violated their equal protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by failing to provide the Plaintiffs with required relocation assistance and benefits and failing to comply with federal and state relocation statutes and regulations pursuant to Chapter 61 of Title 42 of the United States Code and Chapter 4 of Title 25.1 of the Virginia Code.

3.      This Court has jurisdiction over this matter to provide the relief sought pursuant to 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.").

4.      This is also a civil action under 42 U.S.C. § 1983, Chapter 61 of Title 42 of the United States Code and Chapter 4 of Title 25.1 of the Virginia Code seeking damages against the Defendants for committing acts, under color of state law, that deprived the Plaintiffs of rights secured under the Constitution and the laws of the United States.

5.      This Court has jurisdiction over the claims brought under Chapter 61 of Title 42 of the United States Code or pursuant to 42 U.S.C. §§ 1983 and 1988 because it presents a Federal Question pursuant to 28 U.S.C. § 1331.

6.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391.  The actions complained of herein took place within Virginia Beach, Virginia.  Venue is therefore proper in this Court.

### Parties

7.      At all times relevant hereto, Dr. Fernandez has operated the Practice in Virginia Beach, Virginia.

8.      The Virginia Department of Transportation is an agency of the Commonwealth of Virginia and is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

9.      The Virginia Department of Transportation is acting as the "State agency" and "displacing agency" for the Interstate 264 Improvements Project, Project 0264-134-102, RW-201 (the "Project") as defined in 42 U.S.C. § 4601(3) and (11).

10.     The Virginia Department of Transportation is vested with the power of eminent domain, including the power to displace persons situated on property acquired pursuant to this power.

11.     The Commissioner of Highways is the individual who serves as the chief executive officer of the Virginia Department of Transportation.  *See* Va. Code § 33.2-100.  The Commissioner of Highways is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.

12.     At all times relevant hereto, the Defendants acted under color of State law.

**Facts**

13.     Dr. Fernandez is a dentist who operated a dental practice at 5121 Greenwich Road, Suite 102 ("Greenwich Road Office") in the City of Virginia Beach for many years.

14.     Dr. Fernandez initially operated the Practice at the Greenwich Road Office subject to a lease.  The most recent term of the lease ran from August 1, 2007 to July 31, 2017.  The lease included a five-year tenant option which would allow Dr. Fernandez to remain at the Greenwich Road Office until July 31, 2022.

15.     By letter dated December 2, 2015, VDOT informed Dr. Fernandez that he would be required to relocate the Practice as a result of the Project.  A copy of the letter is attached hereto as "Exhibit A."

16.     In its letter, VDOT further stated that Dr. Fernandez and/or the Practice are "eligible for relocation benefits as specified by law."  *See* Exhibit A.

17.     On January 29, 2016, Dr. Fernandez received correspondence from VDOT's agent, O.R. Colan Associates, enclosing listings for office locations "that have been advertised in some manner as for rent and may be of assistance" to Dr. Fernandez in relocating the Practice.  A copy of the letter is attached hereto as "Exhibit B."

18.     The correspondence further stated that "these listings may or may not be suitable for the operation of [Dr. Fernandez's] business," and that Dr. Fernandez was solely responsible for verifying their suitability for a dental practice.  *See* Exhibit B.

19.     None of the locations included in the January 29, 2016 letter were suitable locations to which Dr. Fernandez or the Practice could relocate.  In fact, each location in no way could be used as a dental practice, as VDOT has acknowledged.

20.     On February 27, 2016, O.R. Colan Associates sent another letter containing additional listings for Dr. Fernandez's consideration.  The listings were printed from the internet and contained a listing for a property located at 376 N. Witchduck Road in Virginia Beach – a property which was being used as an automobile repair facility made up almost entirely of garage bays.  A copy of the February 27, 2016 letter with its enclosures is attached hereto as "Exhibit C."  This letter demonstrates VDOT's disregard for its duties and the law.

21.     Again, none of the listings provided were suitable locations to which the Practice or Dr. Fernandez could relocate.

22.     On April 14, 2016, VDOT recorded Certificate of Take C-516019 and acquired defeasible title to the Greenwich Road Office for the construction of the Project.

23.     By letter dated April 18, 2016, VDOT informed Dr. Fernandez that he must vacate the property no later than May 18, 2016.  A copy of this letter is attached hereto as "Exhibit D."

24.     Dr. Fernandez engaged real estate broker Robert W. Carter to assist him in finding a new location for his practice because the listings provided by VDOT were not suitable, practical, or in any way possible locations to relocate and operate the Practice.

25.     Despite extensive searching, Dr. Fernandez was unable to find a suitable location to relocate the Practice.

26.     With the assistance of Mr. Carter, Dr. Fernandez located office space at 520 South Independence Boulevard, Suite 102 in Virginia Beach to relocate the Practice (hereinafter the "New Office").

27.     The New Office was not built out for a dental office and required significant work, including relocation and modification of utilities, to make it suitable for the Practice.

28.     Dr. Fernandez engaged Patterson Dental to plan and design the layout of the New Office to make it suitable for a dental practice.  *See* layouts attached hereto as "Exhibit E."   Dr. Fernandez also engaged Waller, Todd & Sadler Architects to implement the layout plan created by Patterson Dental and plan the renovations necessary to make the New Office a suitable location.  A copy of the endorsed proposal is attached hereto as "Exhibit F."

29.     Dr. Fernandez further engaged John W. Fowler, P.E. to oversee the construction process at the New Office, *see* Proposal for services attached hereto as "Exhibit G;" and engaged Compo Construction Company to complete the buildout of the New Office.  *See* Exhibit H (Compo Construction Company was the lowest of several bidders).

30.     Despite the significant work required to make the New Office suitable for the Practice, VDOT would not allow Dr. Fernandez or the Practice to remain in the Greenwich Road Office until the buildout was complete.

31.     VDOT sought to evict Dr. Fernandez from the Greenwich Road Office, although this would have forced him to close his dental practice, impacting his patients' health and welfare.  When Dr. Fernandez filed defenses to the eviction and requested a hearing on the matter, VDOT sought summary judgment in an attempt to deny Dr. Fernandez an opportunity to be heard.

32.     The trial court denied VDOT's request for summary judgment.

33.     By letter dated February 17, 2017, VDOT preapproved the reimbursement of the cost of a commercial mover up to $1,987.18.  A copy of this letter is attached hereto as "Exhibit I."

34.     The New Office build out was completed in March 2017; and thereafter, Dr. Fernandez and the Practice moved into the New Office and began seeing patients.

35.     The Greenwich Road Office was approximately 1,600 square feet in size and utilized four dental operatories, but was plumbed and wired for six operatories; the Greenwich Road office had many building code requirements grandfathered.  The New Office is approximately 3,230 square feet in size and contains six dental operatories.  The New Office required additional costs to comply with present code requirements and ADA regulations.  However, Dr. Fernandez has sought reimbursement only for the costs associated with replicating his Greenwich Road Office and not for the expanded square footage or enhancements of the New Office.

36.     Dr. Fernandez and the Practice incurred actual and reasonable costs in moving the Practice including, but not limited to, moving of computers and telephones, moving personal property, moving specialty dental equipment, and the modification of utilities to allow the relocation.  Dr. Fernandez and the Practice submitted documentation for these costs plus documentation for the reduced build out cost to VDOT by letter dated September 13, 2017.  A copy of the letter is attached hereto as "Exhibit J."

37.     By letter dated November 9, 2017, Dr. Fernandez and the Practice submitted additional documentation and claims for reimbursement.  A copy of this letter is attached hereto as "Exhibit K."

38.     Two months after Dr. Fernandez submitted his claim, on November 16, 2017, VDOT's relocation agent – for the first time – responded to Dr. Fernandez stating that VDOT was reviewing the documentation and a written decision regarding the reimbursement costs would be provided.  *See* "Exhibit L," Letter dated November 16, 2017.  No written determination as to most all of the claimed costs has been provided.  On December 7, 2017, VDOT sent a letter

to Dr. Fernandez requesting additional information and clarification on the submitted claims. *See* Exhibit M.

39.     On March 1, 2018, Dr. Fernandez and the Practice provided additional supporting documentation for the relocation claims submitted for reimbursement. *See* information attached hereto as "Exhibit N." By letter dated March 13, 2018, Dr. Fernandez requested payment of claims that VDOT had not addressed or for which VDOT had not requested information. A copy of this letter is attached hereto as "Exhibit O."

40.     Six months after Dr. Fernandez submitted his initial claim, on March 19, 2018, VDOT wrote stating that it was still reviewing the claims Dr. Fernandez submitted. *See* letter attached as "Exhibit P." No reimbursement was provided; and VDOT still had not provided payment for the cost of the commercial mover, which cost it had approved more than a year prior. *See* Exhibit I. On April 6, 2018, Dr. Fernandez wrote to VDOT requesting that the submitted claims be reviewed and that a final determination be provided. *See* Exhibit Q.

41.     On April 17, 2018, VDOT, for the first time in seven months since Dr. Fernandez submitted his relocation claims, approved a miniscule portion of the more than $500,000.00 in claims submitted by Dr. Fernandez. The total amount of the approved reimbursement was $35,346.68. VDOT, however, did not address the additional costs submitted, including the cost to build out the New Office. *See* electronic mail dated April 17, 2018, Letter dated April 27, 2018, and Letter dated May 24, 2018, attached hereto collectively as "Exhibit R."

42.     On May 8, 2018, VDOT sent another letter requesting additional information pertaining to the substitute personal property claim made by Dr. Fernandez. Specifically, VDOT requested model and serial numbers for personal property which was unable to be moved to the New Office. *See* "Exhibit S." *See also* Exhibit T, letter dated May 9, 2018. Dr. Fernandez,

however, was unable to provide this information because the property was in VDOT's possession as a result of VDOT's filing of its Certificate of Take and its efforts to evict Dr. Fernandez from the Greenwich Road Office.

43.   VDOT has failed to pay and has not made a determination as to most all of the costs incurred in building out the New Office to make it suitable for a dental practice and relocating and reinstalling the displaced personal property.

44.   However, by letter dated June 15, 2018, VDOT approved an additional payment to Dr. Fernandez in the amount of $255.00 for time spent by Dr. Fernandez in planning the move.  *See* letter attached hereto as "Exhibit U."

45.   In the same letter, VDOT also informed Dr. Fernandez that it was "unable to proceed any further in the review of Dr. Fernandez's previously submitted relocation claim until [it] receive[s] information requested …. [on] May 9, 2018."  *See* Exhibit U.

46.   In its June 15, 2018 letter, VDOT also informed Dr. Fernandez that he and the Practice "have the right to appeal in whole or in part," any determination made by VDOT.  *Id.* However, no final determination had been made regarding most all of the $500,000.00 of reimbursable expenses, which were documented in multiple letters with substantial explanation.

47.   VDOT, confirming that no final determination had been made, sent an additional letter on June 27, 2018, noting that no determination regarding outstanding claimed benefits could be made until additional information was provided.  *See* Exhibit V, Letter dated June 27, 2018.

48.   No determination was made with regard to most all of the claims Dr. Fernandez and the Practice submitted.

49.     In June 2018, Dr. Fernandez and the Practice filed suit against VDOT seeking reimbursement of his actual and reasonable relocation costs.  VDOT filed a demurrer, stating *inter alia* that Dr. Fernandez had failed to exhaust his administrative remedies, i.e., the administrative appeals process, before seeking judicial review of any relocation benefits.  The Circuit Court for the City of Virginia Beach ultimately dismissed the suit, finding that the Virginia Relocation Act (25.1-400 *et seq.*) did not create an independent cause of action.  The Supreme Court of Virginia affirmed this decision on June 17, 2020.  No decision on the merits of the matter was made.

50.     Following the lawsuit, counsel for Dr. Fernandez and the Practice wrote to counsel for VDOT requesting an update as to when VDOT would render a final decision regarding the outstanding items for which he sought reimbursement.  *See* "Exhibit W" Letter dated December 16, 2020.

51.     On January 7, 2021, counsel for VDOT responded stating that VDOT had "already provided its written determination with regard to [Dr. Fernandez's] claim" on June 15, 2018, and that Dr. Fernandez had failed to issue an administrative appeal within 90 days as required by 24 VAC 30-41-90(B).  *See* "Exhibit X" Letter dated January 7, 2021.

52.     Counsel for Dr. Fernandez and the Practice replied to this letter on January 22, 2021, noting that VDOT had not issued a final determination regarding most all of Dr. Fernandez's claims; and had stated that it was "in continuation of the review," and that certain information was necessary to "make a determination."  *See* "Exhibit Y" Letter dated January 22, 2021.  *See also* Exhibits U and V (Letters dated June 15, 2018 and June 27, 2018); Exhibit T, Letter dated May 9, 2018.

53.     On April 2, 2021, counsel for Dr. Fernandez and the Practice wrote Lori Snider, State Right of Way and Utilities Director for VDOT, providing an overview of the history of Dr. Fernandez's claims and requesting that the claims be resolved via a final determination from VDOT.  A copy of this letter is attached hereto as "Exhibit Z."

54.     Ms. Snider replied via letter dated May 5, 2021 in which she noted that VDOT had requested additional information regarding Dr. Fernandez's claims in order to proceed and, having not received it, "consider[ed] the relocation concluded."  A copy of this letter is attached as "Exhibit AA."

55.     However, on May 12, 2021, Ms. Snider sent a list of documents and information requested to determine whether certain costs incurred by Dr. Fernandez would be reimbursable. A copy of this letter is enclosed as "Exhibit BB."

56.     Following the receipt of this correspondence, Dr. Fernandez and the Practice provided the requested information via letters dated June 11, 2021 and December 9, 2021. Copies of these letters are attached hereto as "Exhibit CC" and "DD," respectively.

57.     On February 7, 2022, counsel for Dr. Fernandez and the Practice sent a letter to Ms. Snider following up on the information previously provided.  A copy of this letter is attached hereto as "Exhibit EE."

58.     On April 7, 2022, counsel for Dr. Fernandez and the Practice sent a letter enclosing information and analysis from a national relocation expert regarding reimbursable relocation expenses incurred by Dr. Fernandez and the practice.  A copy of this letter is attached hereto as "Exhibit FF."

59.     Additional follow up letters were sent to Ms. Snider on April 22, 2022 and June 20, 2022.  Copies of these letters are attached hereto as "Exhibit GG" and "Exhibit HH" respectively.

60.     Following receipt of this information, VDOT has failed to make a final determination as to Dr. Fernandez's and the Practice's outstanding claims.

61.     VDOT has not made a final determination as to most all of Dr. Fernandez's or the Practice's claims.  The total outstanding amount owed to Dr. Fernandez and the Practice is approximately $500,000.00.

62.     Because no final determination has been made, VDOT has not permitted an administrative appeal for Dr. Fernandez or the Practice to challenge VDOT's determinations; and indeed VDOT never notified Dr. Fernandez or the Practice of its issuance of a final determination as to most all of the claimed relocation expenses.

63.     VDOT has not reached a final determination regarding Dr. Fernandez's relocation benefits and has not provided a hearing or the opportunity to be heard regarding most all of the claimed benefits which are outstanding.

64.     Dr. Fernandez and the Practice have been forced to move personal property and relocate the Practice from the Greenwich Road Office to the New Office as a direct result of VDOT's acquisition of the property, and has had to unilaterally bear the cost of this relocation without receiving the statutory benefits to which he and the Practice are entitled.

65.     VDOT failed to provide the assistance required to establish Dr. Fernandez and the Practice in a suitable new location.

66.     Dr. Fernandez is a United States citizen, lawfully in this country, and therefore, not disqualified under 42 U.S.C. § 4605.

## Claims for Relief

### Count 1: Deprivation of Rights Guaranteed Under Federal Law

67.   The Plaintiffs incorporate the foregoing allegations as if re-alleged herein.

68.   On information and belief, VDOT received State and Federal funds for the Project.

69.   Because it has received Federal financial assistance for the Project, VDOT and its agents, must comply with the Federal Uniform Relocation Assistance and Real Property Acquisition policies as set forth in Chapter 61 of Title 42 of the United States Code (the "Federal Act") in addition to corollary State law provisions.  This chapter requires VDOT to provide relocation assistance and benefits to persons who are displaced when VDOT acquires private property.

70.   When VDOT acquires property in whole or in part, 42 U.S.C. § 4601 *et seq.*, requires VDOT to provide relocation assistance benefits to displaced persons.

71.    When VDOT acquires property in whole or in part, 42 U.S.C. § 4601 *et seq.*, requires VDOT to provide assistance to displaced businesses in obtaining and becoming reestablished in a suitable replacement location.

72.   When VDOT acquires property in whole or in part, 42 U.S.C. § 4601 *et seq.*, requires VDOT to provide, among other things, current and continuing information on the availability of suitable locations to which the displaced business can relocate.

73.   The language of 42 U.S.C. § 4601 *et seq.* is mandatory and obligates VDOT to provide displaced persons with relocation benefits and assistance.

74.   The statute does not give VDOT or its agents discretion to deny relocation benefits to displaced persons for which they are entitled.

75.     A displaced person is defined by 42 U.S.C. § 4601(6)(A)(i)(I) as "Any person who moves from real property, or moves his personal property from real property as a direct result of a written notice of intent to acquire or the acquisition of such real property in whole or in part for a program or project undertaken by a Federal agency or with Federal financial assistance."

76.     A "person" under 42 U.S.C. § 4601 *et seq.* includes any corporation.

77.     For the Project, VDOT acquired the property where Dr. Fernandez and the Practice were located; and VDOT determined that Dr. Fernandez and/or the Practice were displaced persons.  *See* Exhibit A.

78.     Therefore, Dr. Fernandez and the Practice are entitled to relocation benefits and assistance as set forth in 42 U.S.C. § 4601 *et seq.*

79.     Dr. Fernandez and the Practice have an expectation and interest in receiving relocation benefits, and to receive these benefits expeditiously.  *See* 49 C.F.R. § 24.207(b) (noting that the agency review claims "in an expeditious manner," and that payment for a claim "be made as soon as feasible following the receipt of sufficient documentation to support the claim.").

80.     Property interests protected by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitutions extend beyond actual ownership of real estate, chattels or money.

81.     Displaced persons, such as Dr. Fernandez and the Practice, have a property interest in relocation benefits under the Federal Act.  *See Bergano v. City of Virginia Beach*, 241 F. Supp. 3d 690, 703 (E.D. Va. 2017) ("the Plaintiffs have an interest in relocation benefits").

82.     Congress intended the Federal Act to protect displaced persons and the relocation rights provided to displaced persons under the Federal Act are clear.

83.     The Federal Act confers individual rights upon a particular class of beneficiaries, i.e., displaced persons.

84.     Displaced persons, such as Dr. Fernandez and the Practice, have more than an abstract need or desire for such benefits and more than a unilateral expectation in such benefits; they have a legitimate claim of entitlement to such benefits.

85.     The Federal Act gives Dr. Fernandez and the Practice a right to and property interest in relocation benefits.  *See Bergano v. City of Virginia Beach*, 241 F. Supp. 3d. 690, 703 (E.D. Va. 2017) ("the Plaintiffs have an interest in relocation benefits").

86.     Here, VDOT has denied Dr. Fernandez and the Practice relocation benefits based on its arbitrary and capricious determination that it reached a final decision regarding their claim eligibility.

87.     Because Dr. Fernandez and the Practice are displaced persons, they are among the class of persons Congress chose to protect under the Federal Act.

88.     Despite this, VDOT denied Dr. Fernandez and the Practice relocation benefits; and sent letters confirming this intentional conduct.

89.     VDOT has acted arbitrarily, capriciously, and intentionally in denying Dr. Fernandez and the Practice relocation benefits for which they qualified.

90.     VDOT has denied these benefits without the requisite notice or an opportunity to be heard, much less a meaningful opportunity.

91.     VDOT has abused its discretion in denying Dr. Fernandez and the Practice relocation benefits and assistance to which they are entitled.

92.     VDOT failed to provide the necessary required assistance to establish Dr. Fernandez and the Practice in a suitable replacement location.

93.     VDOT's summary and arbitrary actions, including denying Dr. Fernandez and the Practice notice, an opportunity to be heard, and the requisite appeal resulted in the erroneous and arbitrary deprivation of Dr. Fernandez's and the Practice's rights.

94.     Any fiscal and administrative burdens from the additional or requisite process are minimal as they are already required by State and Federal law and are far outweighed by VDOT's interest in the benefits and the risk of erroneous deprivation caused by VDOT's failure to follow and provide the requisite procedures.

95.     As a result of VDOT's actions, the decision making regarding Dr. Fernandez's and the Practice's relocation benefits was one-sided, with Dr. Fernandez and the Practice being denied the opportunity to be heard.

96.     VDOT acted under color of law in denying Dr. Fernandez and the Practice relocation benefits and assistance.

97.     Just as "the Legislature cannot make a private use public by calling it so, in order to justify the exercise of the power of eminent domain," *City of Richmond v. Carneal*, 129 Va. 388, 106 S.E. 403, 406 (1921), VDOT cannot make a displaced person as defined by the language of the law, something less in order to justify denying that person relocation benefits.

98.     Just as "the mere fiat of the Legislature would not make a purpose public which was itself private," *Norfolk Cnty Water Co. v. Wood*, 116 Va. 142, 81 S.E. 19, 22 (1914), VDOT cannot by mere executive fiat define the rights or procedures to which Dr. Fernandez or the Practice are entitled.

99.     VDOT has a policy and custom of denying relocation benefits to displaced persons.

100.    Under color of State law, VDOT and its agents denied Dr. Fernandez and the Practice their rights under 42 U.S.C. § 4601 *et seq.*

101.    VDOT has denied Dr. Fernandez and the Practice equal protection under the law by denying them relocation benefits and assistance, including a final determination on eligible assistance, which it did not deny to similarly situated persons.

102.    VDOT acted intentionally and with a callous disregard for Dr. Fernandez's and the Practice's clearly established statutorily and Constitutionally -protected rights.

103.    Under 42 U.S.C. § 1983, every person who, under color of State law, subjects any citizen of the United States to the deprivation of "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the injured party.

104.    Citizens deprived of Federal rights, such as Dr. Fernandez, may bring a claim for relief under 42 U.S.C. § 1983 for violations of Federal rights.

105.    VDOT's actions unlawfully deprived Dr. Fernandez of his rights protected under the Federal Act and his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

106.    VDOT's denial of relocation benefits and assistance under the color of State law is a deprivation of Dr. Fernandez's and the Practice's rights under the Uniform Relocation Assistance and Real Property Acquisition Policies of Chapter 61 of Title 42 to the United States Code and the corollary and mandatory State provisions.  Thus, VDOT is liable to Dr. Fernandez pursuant to 42 U.S.C. § 1983.

107.     VDOT violated the Federal Act by failing to provide a final determination as to most all of the claims Dr. Fernandez submitted to relocate the Practice.

108.     VDOT violated the Federal Act by failing to provide the necessary assistance and information to Dr. Fernandez and the Practice in becoming established in a suitable new location.

109.     VDOT failed and refused to provide Dr. Fernandez relocation benefits and payments resulting from the relocation of his business, including expenses and payments incurred as a result of VDOT's acquisition of the property.

110.     VDOT's violations of Dr. Fernandez's statutory, Constitutional and Federally-protected rights directly and proximately inflicted severe and substantial damages upon Dr. Fernandez.

### Count 2: Deprivation of Rights Without Due Process of Law
### (Procedural Due Process)

111.     The Plaintiffs incorporate the foregoing allegations as if re-alleged herein.

112.     VDOT denied Dr. Fernandez and the Practice relocation benefits or a final determination regarding those benefits without notice, a hearing or an appeal.

113.     VDOT failed to provide assistance including continuing and current information and the necessary assistance to become established in a suitable new location.

114.     Dr. Fernandez and the Practice have provided sufficient information for a final determination to be made.  Despite receiving this information, VDOT has still provided no final determination as to the claimed benefits.

115.     Although VDOT claims it rendered a final determination, *see* Exhibits X (Jan. 7, 2022 Letter) and AA (May 5, 2022 Letter), VDOT's purported final decision was no final determination at all, as the June 15, 2018 letter – upon which VDOT relies for this position – explicitly declines to make a final determination as to approximately $500,000.00 of the claimed

benefits, and requests additional information so that a determination could be made. *See* Exhibit U (June 15, 2018 Letter); Exhibit V (June 27, 2018 Letter).

116.    Thus, VDOT has not made a final determination as to most all of the claimed benefits, as it is required to do and therefore, no appeal or opportunity to be heard is possible. *See* 49 C.F.R. § 24.10; 49 C.F.R. § 24.207(b) (claims to be processed and relief provided expeditiously); 24 V.A.C. § 30-41-90; Va. Code § 2.2-4029. *See also Bergano v. City of Virginia Beach*, 241 F. Supp. 3d. 690, 703-705 (E.D. Va. 2017).

117.    In the alternative, if VDOT has made a final determination as to the outstanding claims, it did not provide Dr. Fernandez or the Practice with notice of this determination or an explanation of the basis therefor; and has denied Dr. Fernandez and the Practice the opportunity to appeal the determination as required by law. *See* 49 C.F.R. § 24.10; 49 C.F.R. § 24.207(e); Va. Code § 2.2-4029; 24 V.A.C. § 30-41-90.

118.    Thus, VDOT denied Dr. Fernandez and the Practice due process of law as guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### Count 3: Deprivation of Equal Protection Under the Law

119.    The Plaintiffs incorporate the foregoing allegations as if re-alleged herein.

120.    If VDOT does not have a policy and custom of denying relocation benefits and assistance to persons similarly situated to Dr. Fernandez and the Practice, Dr. Fernandez and the Practice plead in the alternative that VDOT has denied Plaintiffs equal protection of the laws by providing relocation benefits to similarly situated persons (i.e., displaced persons) while denying them the same rights and benefits.

121.   VDOT has provided relocation benefits and assistance to persons similarly situated to Dr. Fernandez and the Practice, including other displaced persons along this Project and similar projects.

122.   VDOT's disparate treatment of Dr. Fernandez and the Practice among displaced persons is irrational and is not related to any legitimate purpose.

123.   VDOT arbitrarily and capriciously ignored the plain language of the Federal Act and applied a standard contrary to that required by law to Dr. Fernandez and the Practice.

124.   In disregarding the standard for receiving relocation benefits and assistance under the Federal Act, VDOT singled out the Plaintiffs for disparate treatment and applied a different standard to Dr. Fernandez and the Practice.

125.   VDOT thus acted irrationally, arbitrarily, and capriciously, with a callous disregard and indifference for the Plaintiffs and their rights.

126.   VDOT denied Dr. Fernandez and the Practice a final determination of their relocation claims and denied them relocation benefits and assistance due to discriminatory animus.

127.   VDOT failed to provide the necessary assistance and information to Dr. Fernandez and the Practice to become established in a suitable new location due to discriminatory animus.

128.   VDOT intentionally and purposely treated Dr. Fernandez and the Practice differently from other displaced persons.

129.   VDOT discriminated against Dr. Fernandez and the Practice and denied them relocation assistance and benefits because they rejected VDOT's nominal offer of relocation benefits and obtained legal counsel to obtain full rights to relocation benefits and assistance.

130.     While VDOT initially appeared to be reviewing Dr. Fernandez's and the Practice's claims for relocation in 2017 and 2018, once Dr. Fernandez and the Practice filed a lawsuit against VDOT, VDOT retaliated against Plaintiffs by determining – without any support and without fair process – that it had previously made a final determination as to Dr. Fernandez's and the Practice's relocation benefits and that Dr. Fernandez and the Practice did not appeal this determination.  This was a complete change in course from VDOT's position prior to Dr. Fernandez and the Practice filing a law suit.  *See Bergano v. City of Virginia Beach*, 241 F. Supp. 3d at 706 – 707 (noting that the condemnor forcing a displaced person to relocate and incur significant costs, and denying the majority of the costs because the displaced person obtained legal counsel).

131.     There is no rational basis for VDOT's discrimination against Dr. Fernandez or the Practice.

132.     There is no rational basis for VDOT to treat Dr. Fernandez or the Practice differently than other similarly situated persons.

133.     There is no rational basis for VDOT's failure to find a suitable location for Dr. Fernandez to relocate the Practice.

134.     There is no rational basis for VDOT's failure to provide current and continuing information on suitable locations to which Dr. Fernandez could relocate the Practice.

135.     VDOT's actions violated Dr. Fernandez's and the Practice's right to equal protection under the law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, the Plaintiffs, Dr. Michael Fernandez, D.D.S., Ltd., a Division of Atlantic Dental Care, PLC, and Dr. Miguel Fernandez, D.D.S, pray that this Court enter judgment against the Defendants as follows:

A.    For an Order, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 4601, *et seq.* and 25.1-400, *et seq.* declaring that the Defendant has deprived Dr. Fernandez of his rights as a displaced person under State and Federal law;

B.    For an Order, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 4601, *et seq.*, 25.1-400, *et seq.*, and the Fifth and Fourteenth Amendments, declaring that VDOT has denied Dr. Fernandez due process and equal protection of the law in violation of his Federally protected statutory and Constitutional rights;

C.    For appropriate compensatory damages in an amount to be determined by the Court;

D.    For an award of reasonable attorneys' fees and costs expended on the Plaintiffs' behalf pursuant to 42 U.S.C §§ 1983 and 1988;

E.    For any other relief as the nature of the case and ends of justice may require.

**DR. MICHAEL FERNANDEZ, D.D.S., LTD.**
**DR. MIGUEL FERNANDEZ, D.D.S.**


By: _____/s/_____
                    Joseph T. Waldo

Joseph T. Waldo, Esquire
VSB No.: 17738
jtw@waldoandlyle.com
Brian G. Kunze, Esquire
VSB No.: 76948
bgk@waldoandlyle.com
Blake A. Willis, Esquire
VSB No.: 93854
baw@waldoandlyle.com
WALDO & LYLE, P.C.
301 W. Freemason Street
Norfolk, VA 23510
Telephone: (757) 622-5812
Facsimile: (757) 622-5815